UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIGEL CHANDLER,

    Petitioner,

v.

    CASE NO. 2:12-CV-13998
    HONORABLE ARTHUR J. TARNOW
    UNITED STATES DISTRICT JUDGE

J.S. WALTON,

    Respondent.
_____/

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241

Nigel Chandler, ("Petitioner"), confined at the Federal Correctional Institution in Milan, Michigan ("FCI-Milan"), seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his *pro se* application, petitioner challenges his federal conviction out of the United States District Court for the Northern District of Texas for possession with intent to distribute cocaine and aiding and abetting, 21 U.S.C.§ 841(a)(1) & (b)(1)(B) and 18 U.S.C. § 2, and conspiracy to possess with intent to distribute cocaine, 21 U.S.C. § 846. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DENIED.**

### I. Background

Petitioner was found guilty of the above charges following a jury trial in the United States District Court for the Northern District of Texas. On August 11, 2005, petitioner was sentenced to 360 months in prison. *See United States v. Chandler,* U.S.D.C. No. 3:04-CR-154 (N.D. Tex.).

1

*Chandler v. Walton,* U.S.D.C.  2:12-CV-13998

Petitioner's conviction and sentence was affirmed on appeal. *United States v. Chandler,* 191 Fed. Appx. 261 (5th Cir. 2006); *cert. den.* 549 U.S. 1043 (2006).  By his own admission, petitioner has never challenged his conviction or sentence in any post-conviction proceedings. [1]

Petitioner seeks a writ of habeas corpus on the following grounds:

I.  Outrageous governmental misconduct-entrapment.

II.  Governmental and prosecutorial tampering with and destroying evidence.

III.  Illegal search and seizure.

IV.  Adverse conflict of interest/racially prejudiced jury/abuse of judicial discretion/governmental abuse of power/prosecutorial abuse of power/perjury/falsification of governmental documents/perjured testimony/theft by federal agents/inconsistent verdicts/denial of due process.

## II. Discussion

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  District courts have used Rule 4 of the habeas

---

[1]  See Petition for Writ of Habeas Corpus, p. 2, ¶ B. 3.

2

*Chandler v. Walton,* U.S.D.C.  2:12-CV-13998

corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *See e.g. Perez,* 157 F. Supp. 2d at 796(additional citations omitted).  Because the instant petition is facially insufficient to grant habeas relief, the petition is subject to summary dismissal. *Id.*

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his sentence is being executed. *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998).  However, a motion to vacate sentence under § 2255 is the proper avenue for relief as to a federal inmate's claims that his sentence was imposed in violation of the federal constitution or laws. *Id.*  A motion under § 2255 affords the same rights as a habeas corpus petition. *Davis v. United States*, 417 U.S. 333, 343-44 (1974).  However, unlike federal habeas corpus proceedings, a motion under § 2255 is ordinarily presented to the judge who presided at the original conviction and sentencing of the prisoner. Rule 4(a), 28 U.S.C. foll. § 2255; *See also Hill v. United States*, 368 U.S. 424, 427 (1962).

A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *See Wooten v. Cauley,* 677 F. 3d 303, 307 (6th Cir. 2012).  Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *See Charles v. Chandler*, 180 F. 3d 753, 758 (6th Cir. 1999)*.*  The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner. *See In Re Gregory*, 181 F. 3d 713, 714 (6th Cir. 1999).

*Chandler v. Walton,* U.S.D.C. 2:12-CV-13998

The circumstances under which a motion to vacate sentence brought pursuant to § 2255 might be deemed inadequate and ineffective so as to permit relief via a writ of habeas corpus under § 2241 are narrow, as the "liberal allowance" of the writ would defeat the restrictions placed on successive petitions or motions for collateral relief imposed by the AEDPA. *United States v. Peterman*, 249 F. 3d 458, 461 (6th Cir. 2001). To date, no federal circuit court has permitted a post-AEDPA petitioner who was not effectively making a claim of "actual innocence" to use § 2241 (via § 2255's savings clause) as a way of circumventing § 2255's restriction on the filing of a second or successive motion to vacate sentence. *Charles v. Chandler,* 180 F. 3d at 757.

Petitioner is not entitled to habeas relief from his conviction, because there is no allegation in his petition that his remedy under Section 2255 would be inadequate or ineffective to test the legality of his conviction. *See Baldwin v. United States,* 412 F. Supp. 2d 712, 716 (N.D. Ohio 2005). Indeed, a review of petitioner's habeas application and the court docket sheet from petitioner's criminal case in the United States District Court for the Northern District of Texas shows that petitioner has not yet filed a motion to vacate sentence with the district court. [2] Petitioner is unable to show that his post-conviction remedy under § 2255 is inadequate or ineffective, so as to permit him to challenge his conviction by means of a § 2241 habeas petition, because petitioner has never attempted to file a § 2255 motion to vacate sentence before the

---

[2] See *United States v. Chandler,* U.S.D.C. No. 3:04-CR-154 (N.D. Tex.). This Court obtained this information from the PACER system, which this Court is entitled to take judicial notice of. *See Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

*Chandler v. Walton,* U.S.D.C.  2:12-CV-13998

judge who sentenced him.  An inmate convicted of a federal crime cannot claim that the post-conviction remedies that are available to him under § 2255 are inadequate or ineffective until he has unsuccessfully attempted to obtain post-conviction relief by filing a § 2255 motion. *See e.g. Capaldi,* 135 F. 3d at 1124; *See also Copeland v. Hemingway,* 36 Fed. Appx. 793, 794-95 (6th Cir. 2002).

Without any allegation that his remedy under § 2255 is inadequate or ineffective, petitioner is not entitled to habeas relief from his criminal conviction pursuant to 28 U.S.C. § 2241.  Moreover, this Court cannot construe this petition as a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255. *In re Shelton*, 295 F. 3d 620, 622 (6th Cir. 2002).

Accordingly, the Court will summarily deny the petition for writ of habeas corpus. This dismissal is without prejudice to petitioner filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Northern District of Texas.

### III. ORDER

Based upon the foregoing, the petition for writ of habeas corpus brought pursuant

*Chandler v. Walton,* U.S.D.C.  2:12-CV-13998

to 28 U.S.C. § 2241 is **DENIED.**  Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: November 7, 2012

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on November 7, 2012, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary